Argued and submitted October 6,
reversed and remanded October 28, 1980

HOOD RIVER COUNTY,
*Appellant,*
*v.*
DEPARTMENT OF REVENUE,
*Defendant,*
MT. HOOD MEADOWS,
*Respondent.*

(TC 1336, SC 26823)

618 P2d 968

Carl N. Byers, of Heltzel, Byers, Upjohn & Shaw, Salem, argued the cause and filed a brief for appellant.

Frederic E. Cann, Portland, argued the cause for intervenor. With him on the brief were Preston C. Hiefield, Jr., and Williams, Stark, Hiefield, Norville & Griffin, P.C., Portland.

Before Tongue, Presiding Justice, and Howell, Lent, Linde, Peterson and Tanzer*, Justices.

HOWELL, J.

---

* Tanzer, J., did not participate in this decision.

## HOWELL, J.

Plaintiff, Hood River County, appealed to the Tax Court from an order of the Department of Revenue relating to the value of certain real property in Hood River County. Mt. Hood Meadows, Ltd., the taxpayer and owner of an interest in the property, filed a complaint in intervention in the Tax Court. The Tax Court dismissed plaintiff's complaint for untimely filing. We reverse.

This dispute originated when Mt. Hood Meadows appealed to the Department of Revenue challenging the assessed values placed on the subject property by the County for the years 1972 through 1977. To assist the County Assessor, the Department loaned to the County an appraiser and an assistant attorney general. A hearing was held. Apparently the primary disagreement between the taxpayer and the County related to the proper rate of capitalization to be used in finding the value of the property using the income approach. An opinion and order was issued by the Department on February 7, 1979. That order approved portions of the appraisals used by both the County and the taxpayer. The order then concluded:

"Having considered the entire record together with the exhibits incorporated therein, the hearing officer finds, and I agree, that the true cash values for the subject property must be set in accord with the valuation method advanced by Mr. Kenney [the loaned appraiser] except for the modifications to gross income and operating expenses as hereinabove determined. Within 30 days after issuance of this order, respondent [Hood River County] shall forward to petitioner [Mt. Hood Meadows, Oreg., Ltd.] its computations pursuant to the findings set out above. If the parties agree on the result determined, respondent must then proceed to refund any overpaid tax, with interest, pursuant to ORS 311.806 and 311.812. If the parties are unable to agree, petitioner must file and serve a computation believed to be in accord with the decision herein. The hearing officer

may then require written or oral argument to aid him in resolving the disputed computation."[1]

The County, through its loaned agents, did not perform the required calculations within the 30 days provided in the order. The taxpayer filed another complaint in the Tax Court to require the Department to make the required computations. The Department complied and submitted the computations to the taxpayer, who approved. The Department then issued another order on April 23, 1979, which determined the original controversy between the County and taxpayer by establishing the true cash value of the property for each of the years in question. The County was not satisfied with the value found by the Department and appealed the second order to the Tax Court. The taxpayer filed a complaint in intervention. The Tax Court held that the County should have appealed from the first order and, having failed to do so within the 60 days required by ORS 305.560(1), the appeal should be dismissed.

The applicable statute, ORS 305.115(4), relating to orders of the Department of Revenue, states:

"The director or his deputy, as the case may be, shall make and file an order on each appeal, granting or denying relief or taking such action as he deems appropriate. Where the determination of true cash value or the correct valuation of any property subject to special assessment is an issue before the department, the department may determine such value on the basis of the evidence before it, without regard to the value requested in the petition or appeal. Subject to judicial review by the Oregon Tax Court and the Supreme Court, *the order shall determine finally all the questions of law and fact arising in the appeal* under the tax laws of the State of Oregon. Orders shall be served as provided in ORS 306.805, and the department shall also serve a copy of its order by certified mail upon each intervenor in the appeal and each county board of equalization and public officer affected by the order. The order is binding upon the taxpayer, all county officers and all other persons

---

[1] The Department's stock form of notice of the statutory time for appeal was added to the order.

affected thereby until reversed or modified upon review by the Oregon Tax Court." (Emphasis added.)

The first order did not qualify as a final order in several respects. The statute requires that the order "determine all the questions of law and fact arising in the appeal." The issue before the Department—as in all cases involving ad valorem real property taxation—was the true cash value of the subject property for each of the years in question.

The first order did not decide that issue. On the contrary, the order left the amount of true cash value completely undecided. The order required further "computations," an agreement on the result and, in the event of a disagreement, further proceedings before the hearing officer who would make the eventual determination. Consequently, there was nothing in the first order which the County officers could enter on the assessment or tax rolls. *See* ORS 305.115(8) and ORS 305.440(2).

Reversed and remanded.